**Jean EVERLING, Respondent,**

v.

**Alfred & Mary Ann RYDER, Appellants.**

**No. WD 38039.**

Missouri Court of Appeals, Western District.

Dec. 16, 1986.

Richard L. Parker of William J. Esely Law Firm, Bethany, for appellants.

Terry M. Evans & Earl W. Brown III of Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for respondent.

Before GAITAN, P.J., and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is a civil action for damages arising from the trespass of land. The judgment is affirmed.

Appellants present a sole point which charges that the trial court erred in awarding judgment to respondent because the evidence established that appellants were in lawful possession at the time of the alleged trespass.

This matter, having been tried to the court, brings the review of same within Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

Respondent was the owner of 280 acres of land in Mercer County, Missouri. In 1984, she sold her farm land to a Mr. & Mrs. Kelley. In June of 1985, she commenced foreclosure on the same farm land. The foreclosure sale occurred on July 31, 1985. Appellant, Alfred Ryder, attended the foreclosure sale and while there, made inquiry of respondent through her attorney about leasing the land so he could plant a wheat crop. Respondent advised that she was not interested in renting to appellants.

On the morning of the foreclosure sale, respondent visited the land and observed that it had been tilled but not planted. At some later date, appellants planted soybeans on respondent's land. Respondent sought a permanent injunction and damages. Respondent testified that she intended to rent the land at $40.00 per acre, secured a tenant, but when the tenant viewed the land he refused to rent it because appellants' soybeans were on the land. In addition, the planting of the soybeans had not followed the land contour. Respondent also testified that the planting of the soybeans had damaged grasses and silted two ponds. Appellants stated that respondent's attorney had rented the land to them on respondent's behalf. This attorney did not testify, but in rebuttal respondent declared that her attorney had no authority to rent or lease the land.

Appellants filed no responsive pleading to respondent's petition and offered no objection to the reading of her petition into the record. This reading followed the court's sustaining respondent's motion for default judgment upon the issue of liability. Trial was held on the issue of damages. Respondent sought both actual and punitive damages. The trial court, upon the evidence, entered judgment in the sum of $10,000.00 actual damages but denied respondent's request for punitive damages and attorney's fees.

There is no merit to appellant's alleged error. The evidence was sufficient to show that appellants trespassed upon respondent's land, that appellants had no lease or rental agreement, that respondent's land was damaged and that respondent was prevented from leasing or renting said property as a direct result of appellants' trespass. The record shows that on the issue of liability, appellants were in default. The evidence was sufficient to establish the court's award of actual damages.

There was substantial evidence to support the judgment, said judgment was not against the weight of the evidence, and said judgment neither erroneously declared nor applied the law. *Murphy v. Carron, supra.*

By cross appeal, respondent has presented a claim for damages for frivolous appeal under Rule 84.19. It is apparent that appellant has presented no viable issue to this court. Appellant defaulted on the issue of liability, thus foreclosing any relief on appeal. Respondent is, under the facts and circumstances, awarded the sum of One Thousand Dollars ($1,000.00) as damages for frivolous appeal.

Judgment affirmed.

All concur.